_____
IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH
CENTRAL DIVISION
_____

| | |
|---|---|
| NIKO MANUSINA, | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS** |
| Plaintiff, | |
| vs. | Civil No. 2:13CV286DN |
| JOHN F. KERRY, Secretary of State; THE UNITED STATES DEPARTMENT OF STATE; DOES I-X; and ORGANIZATIONS AND AGENCIES I-X; | District Judge David Nuffer |
| Defendants. | |

_____

Under Fed. R. Civ. P. 12(b)(6), Secretary of State John F. Kerry, the United States Department of State, and the remaining defendants (collectively, "the Secretary") moved to dismiss this action because Mr. Manusina failed to state a claim upon which relief can be granted.[1] Specifically, the Secretary argued that even assuming that the facts stated in Mr. Manusina's complaint[2] are true, Mr. Manusina cannot obtain the relief he seeks because his complaint shows that he fails to meet the requirements of being a national of the United States. Mr. Manusina opted not to respond to the Secretary's motion. Under the local rules, failure to respond to a motion may provide a basis to grant the motion.[3] Nevertheless, even considering the merits of the Secretary's motion, this Court is persuaded, for the reasons discussed below, that Mr. Manusina has failed to state a claim upon which relief can be granted.

---

[1] ECF No. 10.
[2] ECF No. 2.
[3] DUCivR 7-1(d).

## STANDARD OF REVIEW

"To survive a motion to dismiss [under Fed. R. Civ. P. 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[4] As shown below, even if the facts in Mr. Manusina's complaint are true, there is no plausible basis for him to obtain the relief he seeks.

## ANALYSIS

I. THE SECRETARY APPROPRIATELY DENIED ISSUING MR. MANUSINA A PASSPORT BECAUSE MR. MANUSINA'S COMPLAINT SHOWS THAT HE IS NOT A NATIONAL OF THE UNITED STATES.

The facts of Mr. Manusina's complaint show that he is not a national of the United States. Where, as here, an individual claims to be a "national" of the United States who was allegedly denied a benefit under that status, Congress allows that individual to bring an action in federal district court for a declaration that the individual is a national of the United States.[5] Mr. Manusina claims to be a national of the United States at birth under 8 U.S.C. § 1408(4).[6] Section 1408(4) provides that

> the following shall be nationals, but not citizens, of the United States at birth:
>
> \*\*\*\*
>
> (4) A person born outside the United States and its outlying possessions of parents one of whom is an alien, and the other a national, but not a citizen, of the United States who, <u>prior to the birth of such person</u>, was physically present in the United States or its outlying possessions for a period or periods totaling not less than seven years in any continuous period of ten years—
>
> \*\*\*\*
>
> (B) at least five years of which were after attaining the age of fourteen years.[7]

---

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[5] 8 U.S.C. § 1503(a).
[6] *See* ECF No. 2, ¶¶ 2-3.
[7] 8 U.S.C. § 1408(4) (emphasis added).

Thus, to survive a motion to dismiss on his claim of being a national under section 1408(4), Mr. Manusina's complaint must allege that prior to his birth, one of his parents was a national of the United States who, for any ten-year period, resided in a possession of the United States for seven years, five years of which were after the nationalized parent attained the age of fourteen. As shown below, the facts of Mr. Manusina's complaint do not satisfy these requirements.

Because Mr. Manusina's complaint alleges that his mother, Ms. Toloumu, was born in 1944 in American Samoa, this Court must assume that she is a national of the United States and that American Samoa is a possession of the United States.[8] Nevertheless, Mr. Manusina's complaint admits that Ms. Toloumu lived in American Samoa for two years and three months <u>after</u> she turned fourteen but before she moved to Western Samoa in December of 1960.[9] The complaint further admits that Ms. Toloumu physically resided again in American Samoa for two years and seven months between February 1961 and September 1963 before moving again to Western Samoa, where she physically resided until 1982.[10] Mr. Manusina was born in Western Samoa in 1974.[11] Thus, according to the allegations in the complaint, the total amount of time that Ms. Toloumu lived in American Samoa <u>after</u> turning fourteen but <u>before</u> Mr. Manusina's birth in 1974 was 4 years and 10 months. This is clearly short of the five-year requirement that section 1408(4) mandates in order to confer national status on Mr. Manusina.

---

[8] 8 U.S.C. § 1408(1). The Court notes that American Samoa is a possession of the United States. 48 U.S.C. § 1661.
[9] ECF No. 2, ¶ 21.
[10] *Id.*
[11] ECF No. 2, Exhibit 2.

## Conclusion

For the reasons stated above and because Mr. Manusina did not oppose the Secretary's motion, the allegations in Mr. Manusina's complaint fail to establish that he is a national of the United States. Therefore, the motion to dismiss[12] is GRANTED, and this action is DISMISSED with prejudice.

DATED this 13th day of January 2014.

_____
DAVID NUFFER, Judge
United States District Court

---

[12] Docket no. 10, filed July 8, 2013.